UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FREDERICK HARRIS,
   Plaintiff,

vs.                                No. 09-1052

SYLVIA MAHONE, et. al,
   Defendants

## SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 22]

### I. BACKGROUND

The plaintiff, a state prisoner, filed his complaint pursuant to 42 U.S.C. §1983 against five defendants at Pontiac Correctional Center including Medical Director Sylvia Mahone, Dr. Scott Baker, Medical Technician John Birkle, Medical Technician Richard Castion and Assistant Warden Marcus Hardy. The plaintiff alleges that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The plaintiff alleges that the defendants have either denied or delayed treatment for a variety of conditions.

The defendants have filed a motion for summary judgement claiming the plaintiff has failed to exhaust his administrative remedies for his claim as required.

### II. FACTS.

Jackie Miller is the Chairperson of the Office of Inmate Issues. (Def. Memo, Miller Aff, p. 1) Miller says she has searched the records of the Administrative Review Board for any grievances filed by the plaintiff concerning his medical care at Pontiac Correctional Center during the relevant time period. Miller states there are no records of any grievance submitted by the plaintiff. (Def. Memo, Miller Aff, p. 3).

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

The defendants say the plaintiff cannot demonstrate that he exhausted his administrative remedies. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. §1997e(a).

The defendants have provided an affidavit demonstrating that the plaintiff did not appeal any grievances to the Administrative Review Board. The plaintiff has responded that he has been denied medical care and suffers in pain. Therefore, the plaintiff says he should not be required to exhaust his administrative remedies before filing a lawsuit.

The plaintiff must still exhaust his administrative remedies. The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002). The purpose of this requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025. Therefore, the court must dismiss this lawsuit and the plaintiff must fully exhaust his administrative remedies before pursuing this claim.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for summary judgment is granted [d/e 22]. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56. The defendants' motion to stay is denied as moot [d/e 26], and this case is terminated, with the parties to bear their own costs.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 12th day of February, 2010.

                              **s\Harold A. Baker**

                           _____
                                 HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE